# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MILTON PALMA** | * | CIVIL ACTION NO. _____ |
| | * | |
| **VERSUS** | * | JUDGE: _____ |
| | * | |
| **ASHLAND SERVICES, LLC** | * | |
| **AND BP EXPLORATION &** | * | MAGISTRATE:_____ |
| **PRODUCTION, INC.** | * | |
| | * | |

*************************************************************************

# COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes petitioner, Milton Palma, and with respect files the following Complaint for Damages and appropriate ancillary relief:

1.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1333.  Venue is proper in accordance with 28 U.S.C. § 1391(b)(1) and (2).

2.

This case is brought pursuant to the Constitution and the laws of the United States of America and the State of Louisiana under the General Admiralty and Maritime Law. Additionally, at all times material hereto, there was in full force and effect an Act of Congress, the Jones Act (46 U.S.C. §30104, *et seq*), which petitioner hereby adopts and asserts as a claim for relief.

3.

This matter is identified as an admiralty or maritime claim in accordance with the provisions of Rule 9(h) of the Federal Rules of Civil Procedure.

4.

Petitioner, Milton Palma, is a citizen of Honduras, and a person of the full age of majority, residing in the city of Harvey, State of Louisiana.

5.

The defendants named herein are:

(1) **ASHLAND SERVICES, LLC,** (hereinafter "Ashland"), a domestic Limited Liability Company authorized to do and doing business in the State of Louisiana with its principal place of business located in the Parish of Jefferson, State of Louisiana; and

(2) **BP EXPLORATION & PRODUCTION, INC,** (hereinafter "BP"), a foreign corporation authorized to do and doing business in the State of Louisiana with its principal place of business located in the State of Illinois.

6.

**ASHLAND SERVICES, LLC** engages in the for-profit business of providing services and personnel to customers throughout the marine and offshore industries, including customers throughout the Gulf of Mexico. At the time of the events giving rise to the incident in question, Ashland was engaged in oil spill clean clean-up efforts throughout the Gulf.

7.

**BP EXPLORATION & PRODUCTION, INC.,** engages in the for-profit business of oil and gas exploration and production throughout the Gulf of Mexico and around the globe.

8.

Defendants are truly and justly indebted to petitioner herein for any and all damages sustained as a result of an incident that occurred in the territorial waters of the United States of America, State of Louisiana, on or about October 31, 2010.

9.

Petitioner, Milton Palma, was employed by Ashland Services, LLC as a deckhand and foreman, serving on board various vessels under the command and supervision of Ashland Services, LLC, between April 21, 2010 and October 31, 2010.  During this period of time, Mr. Palma spent a majority of his time on vessels performing various oil spill clean-up jobs, including, but not limited to dropping and picking up oil boom on the open waters of the Gulf of Mexico in an effort to contain oil that was released from the Deepwater Horizon accident.  He also performed various other oil spill clean-up tasks and duties in his capacity as a member of the crew of the aforementioned vessels.

10.

On or about October 31, 2010, while Mr. Palma was travelling through the open waters of the Gulf of Mexico, and in furtherance of the mission of his assigned vessels that day, Mr. Palma was critically injured as he was attempting to step from a larger vessel on to a smaller one in order to allow him to fulfill his assigned duty that day.  As he attempted to board the smaller vessel, and without the availability of a functional set of steps or a ladder, Mr. Palma was forced to jump, and ultimately fell roughly six feet to the deck of the smaller vessel, causing him to sustain severe and disabling injuries, including but not limited to his left knee.

11.

At the time of the incident, BP Exploration and Production, Inc, was the owner *pro hac*

*vice* and/or charter of the "two unknown vessels" at issue.

12.

As a direct result of the accident and severe knee injury he sustained that day, Mr. Palma was forced to undergo knee surgery on January 12, 2011. He continues to require medical treatment, and has been designated with a PPI rating of 15-20% and a total body disability rating of 6%.

13.

The incident that occurred on or about October 31, 2010 resulting in severe and disabling injuries to Mr. Palma, was caused solely and exclusively by the negligence and fault of defendants, **ASHLAND SERVICES, LLC, and/or BP EXPLORATION & PRODUCTION, INC.,** in the following non-exclusive particulars:

- a. Failing to provide plaintiff with a safe place to work;
- b. Failing to adequately inspect its vessel and keep it in a safe and operable condition;
- c. Failing to use reasonably safe means and methods of transporting and carrying individuals on board the vessel;
- d. Failing to provide safe means of ingress or egress between vessels;
- e. Failing to adequately train and/or supervise crew members and/or all other workers in the performance of their duties;
- f. Failing to provide adequate manning for the tasks at hand;
- g. Failing to provide proper safety equipment;
- h. Failing to properly equip its crew members and/or all other workers;
- i. Failing to properly man, provision, maintain and operate all equipment and

       appurtenances on board the vessel;

j. Failing to properly and reasonably select and implement an overall plan to complete the tasks at hand in a safe and non-hazardous manner;

k. Failing to provide a safe and non-hazardous workplace;

l. Failing to ensure that all working areas involved were in all respects safe;

m. Failing to devise and implement an adequate crew safety protocol and safety watch;

n. Other negligent acts and/or omissions to be shown at the trial of this action.

14.

At all times pertinent hereto, defendants' vessels were unseaworthy in one or more of the following respects, to-wit:

a. The vessel was not safe for the performance of its oil clean-up, transportation and/or delivery operations;

b. The vessel was not safe for the performance of its employee transportation operations;

c. The vessel was not reasonably fit for its intended purpose;

d. The vessel crew was inadequately trained for the operations being conducted at the time;

e. The vessel crew was inadequate in number;

f. Failure to have required complement of crew;

g. The vessel and all of its' equipment and appurtenances were inadequately maintained and/or available; and

h. Other unseaworthy conditions to be determined at a trial of this action.

15.

Petitioner, Milton Palma, was not negligent in any way, and did not contribute to the incident complained of herein

16.

Petitioner, Milton Palma, is entitled to maintenance and cure benefits from his employer until such time as he reaches maximum medical cure, and petitioner is entitled to attorneys' fees and costs in the event that his employer unreasonably refuses to pay or discontinues maintenance and cure benefits.

17.

As a result of the incident described herein, Milton Palma has incurred the following non-exclusive damages:

   a. Past and future loss of wages;

   b. Impairment of future earning capacity;

   c. Physical pain and suffering;

   d. Mental and emotional pain and suffering;

   e. Past and future medical expenses;

   f. Has not received full maintenance and cure benefits;

   g. Loss of enjoyment of life; and

   h. Other elements of damages to be shown at the trial of this matter.

**WHEREFORE,** petitioner, Milton Palma, prays that defendants, **ASHLAND SERVICES, LLC,** and **BP EXPLORATION & PRODUCTION, INC.,** be served with a certified copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of petitioner, and

against defendants for all damages that are reasonable in the premises together with legal interest and for costs of these proceedings; and

Finally, petitioner prays for all general and equitable relief to which they may otherwise be entitled.

        Respectfully Submitted:

        **WILLIAMS LAW GROUP, L.L.C.**

        *s/ J. Christopher Zainey, Jr*
        _____
        **CONRAD S.P. WILLIAMS, III (#14499)**
        **J. CHRISTOPHER ZAINEY, JR. (#32022)**
        435 Corporate Drive, Suite 101
        Houma, LA 70360-2498
        Telephone:  985-876-7595
        Facsimile:   985-876-7594
        duke@williamslawgroup.org
        chris@williamslawgroup.org

        **AND**

        The Galeas Law Corporation (APLC)

        *s/ Pedro F. Galeas*
        _____
        **PEDRO F. GALEAS (# 28580)**
        829 Baronne Street
        New Orleans, LA 70113
        Telephone: (504) 581-9322
        Facsimile: (504) 581-7651
        pedro@galeaslaw.com
        *Attorneys for Plaintiff, Milton Palma*

**PLEASE SERVE DEFENDANTS**

| **ASHLAND SERVICES, LLC** | **BP EXPLORATION & PRODUCTION, INC.** |
|---|---|
| Through its registered agent | Through its registered agent |
| Paul D. Hale | CT Corporation System |
| 755 Magazine Street | 5615 Corporate Blvd., Suite 400B |
| New Orleans, LA 70130 | Baton Rouge, LA 70808 |